IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LAMBOY,<br><br>        Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants.<br>_____ / | No. C 11-3357 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFF LEAVE TO AMEND RETALIATION CLAIM** |

Defendants' motion for judgment on the pleadings is scheduled for a hearing on May 4, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth in this order, defendants' motion is GRANTED IN PART and DENIED IN PART. If plaintiff wishes to amend the retaliation claim, the amended complaint must be filed by **May 11, 2012**.

**BACKGROUND**

On July 8, 2011, plaintiff Jason Lamboy filed this lawsuit against the State of California, Department of Corrections and Rehabilitation, and California State Prison at San Quentin ("San Quentin"). Plaintiff is a correctional officer at San Quentin, and he has worked there since 2002. Compl. ¶ 13. Plaintiff alleges that in 2007, defendants began discriminating against him on the basis of his race (Hispanic), and that defendants have retaliated against him for opposing unlawful discrimination. The complaint alleges claims under Tile VII for discrimination and retaliation.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such

time as not to delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). For a motion under either rule, the question presented is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Proc. 12(d).

While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar them; it is common to apply Rule 12(c) to individual causes of action. *See Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993).

When a court finds the pleadings deficient, it must then decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

**DISCUSSION**

Defendants' motion for judgment on the pleadings contends that (1) plaintiff failed to exhaust his administrative remedies with respect to the retaliation claim, (2) litigation of some of the factual bases for the retaliation and discrimination claims is barred by binding settlement agreements, and (3) plaintiff has failed to allege facts sufficient to give rise to a claim for retaliation.

**I.     Consideration of extrinsic evidence outside the pleadings**

Defendants request that the Court take judicial notice of the Charge of Discrimination that plaintiff filed with the EEOC, as well as documents related to two settlements between the parties. In

2

response, plaintiff has filed a declaration as well as copies of the pre-charge questionnaire that he completed, correspondence between plaintiff and the EEOC regarding the charge, and a document related to one of the settlements. Defendants object to plaintiff's declaration and exhibits as improper because they are outside the scope of the pleadings.

The Court finds that it is appropriate to consider plaintiff's declaration and exhibits and thus to convert defendants' motion to a motion for summary judgment. Plaintiff's declaration and exhibits are responsive to the arguments raised by defendants in their motion for judgment on the pleadings, as well as the exhibits for which defendants seek judicial notice. For example, defendants contend that plaintiff did not exhaust the retaliation claim because the EEOC charge only alleges a claim of discrimination based on "national origin" and does not allege a claim for retaliation. *See* Defs' RFJN, Ex. A. Plaintiff responds that he exhausted his administrative remedies because he listed "retaliation" on the pre-charge questionnaire that he completed, and he communicated with the EEOC about the alleged retaliation in letters. Lamboy Decl. ¶¶ 3-11, Ex. A-G. The Ninth Circuit has held that under certain circumstances, a pre-charge questionnaire can satisfy a plaintiff's obligation to exhaust administrative remedies. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1102 (9th Cir. 2002).

Accordingly, the Court GRANTS defendants' request for judicial notice and OVERRULES defendants' objections to plaintiff's declaration and exhibits. Pursuant to Federal Rule of Civil Procedure 12(d), the Court converts defendants' motion for judgment on the pleadings into a motion for summary judgment.

## II.     Administrative exhaustion of retaliation claim

The Ninth Circuit has held that "[i]f the charge itself is deficient in recording [the plaintiff's] theory of the case due to the negligence of an agency representative who completes the charge form, then the plaintiff may present her pre-complaint questionnaire as evidence that her claim for relief was properly exhausted." *B.K.B.*, 276 F.3d at 1102. In *B.K.B.*, the Ninth Circuit held that a plaintiff exhausted a sexual harassment claim where, although the formal charge did not specify sexual harassment, plaintiff checked boxes indicating a charge of sexual harassment on the pre-complaint questionnaire and "the HCRC official who assisted Plaintiff provided an affidavit stating that [the

3

plaintiff's] Right to Sue Letter was intended by the agency to afford her the right to pursue claims of sexual as well as racial harassment." *Id.*; *see also Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) (Instructing that, when evaluating whether equity may excuse noncompliance with exhaustion requirements, "[t]he equities favor a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time.").

Here, plaintiff has submitted a declaration and supporting exhibits showing that he claimed defendants retaliated against him on the pre-charge questionnaire, and that he communicated with the EEOC regarding the alleged retaliation. Plaintiff states that after he completed the intake questionnaire, Linda Scanlan of the EEOC sent him a letter advising him that the EEOC was unable to investigate or otherwise process his inquiry because "my responses to the intake questionnaire did not describe retaliation on a protected basis." Lamboy Decl. ¶ 4. Plaintiff states that he communicated further with the EEOC about his claims against defendants, and the EEOC then prepared the formal charge. *Id.* ¶ 5. Plaintiff states that after the charge was prepared, he regularly communicated with the EEOC investigator investigating plaintiff's charges. Plaintiff also states,

> I did not have an attorney representing me during the pendency of my EEOC charge. The EEOC did not advise me about how the allegations in the charge would affect the scope of a later civil action, nor did I know how the scope would be affected. I do not know why the EEOC left out an allegation of retaliation even though I had complained about it in my oral and written communications to them. I never advised the EEOC that I did not wish to pursue a retaliation claim against San Quentin. Instead, during the entire pendency of my EEOC charge, I wished to continue pursuing a retaliation claim against San Quentin in a civil action.

*Id.* ¶ 11.

On this record, the Court is unable to determine whether the equities excuse plaintiff's failure to properly exhaust the retaliation claim. Plaintiff has not submitted any evidence showing that the failure to include retaliation in the formal charge was due to the negligence of the EEOC. The letter from Ms. Scanlan informed plaintiff that the information he provided on the intake questionnaire about alleged retaliation was insufficient because "[t]here is no evidence that you participated in protected activity under one of EEOC's laws." Lamboy Decl. Ex. B. Plaintiff states in his declaration that after

4

he received Ms. Scanlan's letter he "communicated further" with the EEOC regarding his claims, and then the EEOC prepared the charge. Although it appears from plaintiff's declaration and exhibits that plaintiff informed the EEOC investigator of alleged retaliation after the charge was prepared, it is not clear from plaintiff's declaration what he told the EEOC after receiving Ms. Scanlan's letter and prior to the preparation of the charge.

Accordingly, the Court DENIES defendants' motion without prejudice to renewal after development of a fuller factual record on the exhaustion issue.

### III. Settlement of portions of retaliation and discrimination claims

Defendants contend that plaintiff is barred from litigating his claims to the extent that plaintiffs' claims arise out of an incident in which plaintiff was disciplined for allegedly falsifying a time sheet, as well as discipline plaintiff received for improperly using "Family Crisis Leave." Defendants argue that plaintiff is barred from litigating these two matters because plaintiff entered into two settlement agreements with the State Personnel Board regarding these disciplinary matters, and in both agreements plaintiff agreed to a full release of claims. *See* Defs' RFJN, Ex. 2 & 4.

In response, plaintiff has filed his declaration in which he states that he did not voluntarily enter into the settlement regarding the time sheets, and that "[i]nstead, I was coerced into signing the agreement under threat of termination." Lamboy Decl. ¶ 12. Plaintiff notes that on the last page of the settlement agreement he wrote "I do not concur with the aforementioned provisions. This document is signed under duress and threat of termination." *Id*. & Ex. H. With respect to plaintiff's improper use of "Family Crisis Leave," plaintiff states,

> . . . I agreed to release, discharge and acquit the Department of Corrections and Rehabilitation from any claims I had under Title VII in exchange for certain consideration. See Paragraph 5 of the Amended Proposed Decision. I did not receive the promised consideration from the Department of Corrections and Rehabilitation. The letter of reprimand, and all supporting material, were supposed to be removed from my personnel file. Such documents were not removed. They remain in my personnel file to this day, and have had a serious, deleterious effect on my ability to advance my career.
> . . .

Lamboy Decl. ¶ 13.

Defendants' reply does not address the substance of plaintiffs' arguments, and instead asserts

1 that the Court cannot consider plaintiff's declaration because it is extrinsic to the pleadings. However,
2 because defendants contend that plaintiff has released certain claims in the settlement agreements and
3 has submitted those settlement agreements to the Court, the Court finds it appropriate to consider
4 plaintiff's declaration in analyzing defendants' motion.

5 Neither party has cited any authority regarding how the Court should evaluate the enforceability
6 of the releases in light of plaintiff's claims that the first settlement was coercive and that he did not
7 receive the benefit of his bargain with regard to the second settlement. Based upon the limited record
8 before the Court, the Court cannot enforce the releases. Accordingly, the Court DENIES defendants'
9 motion without prejudice to renewal on a fuller factual record. If defendants renew their motion,
10 defendants shall address the arguments made by plaintiff regarding the two settlements, and shall cite
11 legal authority in support of their position that the releases are valid.

### IV.   Allegations in support of retaliation claim

Finally, defendants contend that plaintiff's retaliation claim should be dismissed because plaintiff has not alleged facts in support of this claim. In order to establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in protected activity; (2) his employer subjected him to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action. *See Ray v. Henderson*, 217 F.3d 1234, 1239 (9th Cir. 2000). Defendants argue that the complaint does not allege that plaintiff engaged in protected activity, nor does the complaint allege which adverse employment actions were taken in retaliation for that protected activity. Citing paragraphs 11 and 38 of the complaint, plaintiff argues that he alleged that he engaged in the protected activity of submitting a charge to the EEOC, and that his employer retaliated against him based on that charge in various ways.

The Court agrees with defendants that the complaint does not adequately allege the elements of a retaliation claim, and the Court GRANTS defendants' motion and GRANTS plaintiff leave to amend this claim. The Court notes that paragraph 38 of the complaint alleges that defendants retaliated against plaintiff "because he opposed unlawful employment practices, or because he made a charge, testified, assisted or participated in an investigation, proceeding, or hearing under Title VII," and thus

6

the complaint is not specific as to the alleged protected activity. Further, while the filing of an EEOC complaint would constitute protected activity under Title VII, plaintiff's argument that the filing of the EEOC charge is the protected activity is inconsistent with plaintiff's claim that he exhausted his administrative remedies by alleging retaliation in the EEOC questionnaire. If plaintiff amends the retaliation claim, plaintiff is directed to specifically allege what protected activity he engaged in, how the retaliation claim was exhausted, and what adverse employment actions defendants took in retaliation for that protected activity.

## CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED IN PART and DENIED IN PART. Docket No. 20. If plaintiff wishes to amend the retaliation claim, the amended complaint is due by **May 11, 2012**.

**IT IS SO ORDERED.**

Dated: April 24, 2012

SUSAN ILLSTON
United States District Judge